IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CAROL A. WILSON**, *et al.*,[1]

      **Plaintiffs,**

                              Civil Action 2:14-cv-1397
  **vs.**                           Judge Sargus
                              Magistrate Judge King

**BUCHANAN EXCAVATING,**
*et al.*,

      **Defendants.**

### REPORT AND RECOMMENDATION

Plaintiffs, acting on behalf of certain employee benefits plans, seek injunctive and monetary relief in connection with defendants' alleged failure to make reports and contributions to the plans as required by a collective bargaining agreement and ERISA. 29 U.S.C. § 185, 29 U.S.C. § 1132. This matter is now before the Court on *Plaintiffs' Motion for Summary Judgment*, ECF 27 ("*Motion for Summary Judgment*"). Although defendants' were granted an extension of time to respond to the *Motion for Summary Judgment*, *Order*, ECF 29, there has nevertheless been no response to the *Motion for Summary Judgment*.

The plaintiff trustees bring this action on behalf of the Ohio Operating Engineers Health and Welfare Plan and the Ohio Operating Engineers Apprenticeship and Training Fund, a collection of trust funds ("the Funds"). *Complaint*, ECF 1, ¶¶ 2-3; *Plaintiff Carol A. Wilson's Affidavit in Support of Motion for Summary Judgment*, ¶ 1,

---

[1] On March 3, 2015, the Court substituted Carol A. Wilson for former plaintiff Raymond Orrand. *Order*, ECF 14.

attached as *Exhibit A* to the *Motion for Summary Judgment* ("*Wilson Affidavit*"). Defendants Buchanan Excavating, a company with its principal place of business in Toronto, Ohio, and Clinton Buchanan, Sr., owner of Buchanan Excavating, qualify as an employer in an industry affecting commerce. *Complaint*, ¶¶ 4-6. Plaintiffs seek recovery of unpaid contributions, interest, liquidated damages, attorney's fees, court costs and injunctive relief. *Id*. at pp. 9-12; *Motion for Summary Judgment*, pp. 8-9.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Under ERISA, an "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. The record reflects the following uncontroverted facts. Defendants executed collective bargaining agreements requiring it to make timely contributions to the Funds. *Wilson Affidavit*, ¶ 2; *Exhibits 1* and *2* (copies of collective bargaining agreements), attached thereto. Defendants failed to make timely contributions to the Funds for the period January 1, 2011 through February 1, 2013 and for the period February 2013 through

2

April 2013.  *Wilson Affidavit*, ¶¶ 4, 7.  Unpaid contributions for these periods total $27,231.90.  *Id*. at ¶ 7.

When an employer fails to make contributions under 29 U.S.C. § 1145, ERISA requires that a court award the employee benefit plan the following relief:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--
>    (i) interest on the unpaid contributions, or
>    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under [26 U.S.C. § 6621].

29 U.S.C. § 1132(g)(2).  This statute therefore "'contemplates a remedial award in the form of either liquidated damages or a second assessment of interest on the unpaid contributions (the so-called 'double-interest penalty').'"  *Trs. of the Flint Area Sheet Metal Workers Health & Welfare Fund v. C3 Mech., Inc.*, 450 F. Supp. 2d 762, 763 (E.D. Mich. 2006) (quoting *Laborers' Pension Trust Fund-Detroit and Vicinity v. Family Cement Co.*, 677 F. Supp. 896, 899 (E.D. Mich. 1987)).  *See also Iron Workers' Local No. 25 Pension Fund v. MCS Gen'l Contractors, Inc.*, Nos. 98-2107, 99-2262, 2000 U.S. App. LEXIS 22688, at *23 (6th Cir. Aug. 30, 2000).  Finally, monetary awards under 29

U.S.C. § 1132(g) are mandatory, although the award of attorney's fees must be reasonable. *See*, *e.g.*, *id.*; *Bricklayers Pension Trust Fund v. Rosati, Inc.*, No. 98-1552, 1999 U.S. App. LEXIS 15678, at *5 (July 7, 1999); *In re Michigan Carpenters Council Health & Welfare Fund*, 933 F.2d 376, 388 (6th Cir. 1991).

In the case presently before the Court, plaintiffs have established that defendants have accumulated liquidated damages (or "late charges" or interest on delinquent contributions) and interest in the amount of $15,702.22 calculated to August 15, 2015, plus $13.44 per day thereafter, so long as the judgment remains unpaid. *Wilson Affidavit*, ¶¶ 5-7 (using a rate of 18 percent *per annum*). Plaintiffs intend to seek recovery of attorney's fees and costs in a post-judgment motion. *Motion for Summary Judgment*, p. 9 n.9.

Because defendants have not responded to the *Motion for Summary Judgment*, the accuracy of all these amounts is uncontroverted and the Court therefore concludes that plaintiffs are entitled to judgment in these amounts.

**WHEREUPON**, it is **RECOMMENDED** that *Plaintiffs' Motion for Summary Judgment*, ECF 27, be **GRANTED**. It is **SPECIFICALLY RECOMMENDED** that plaintiffs be awarded judgment as follows:

1. $23,901.89 in unpaid contributions from January 1, 2011 through February 1, 2013 and $3,330.01 in unpaid contributions from February 2013 through April 2013 (for a combined total of $27,231.90) pursuant to 29 U.S.C. § 1132(g)(2)(A);

2. $15,702.22 in interest, calculated to August 15, 2015, plus $13.44 per day thereafter, so long as the judgment remains unpaid pursuant to 29 U.S.C. § 1132(g)(2)(B);

3. $15,702.22 in liquidated damages, calculated to August 15, 2015, plus $13.44 per day thereafter, so long as the

>   judgment remains unpaid pursuant to 29 U.S.C. § 1132(g)(2)(C);
>
> 4. Court costs in the amount of $400.00 pursuant to 29 U.S.C. § 1132(g)(2)(D);
>
> 5. Reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g)(2)(D); and
>
> 6. Injunctive relief pursuant to 29 U.S.C. § 1132(g)(2)(E), including a mandatory injunction directing defendants to comply with its contribution and audit obligations under the various agreements as set forth in more detail in the *Complaint*, pp. 9-12.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

October 20, 2015                                                     s/Norah McCann King
                                                                         Norah M^cCann King
                                                                 United States Magistrate Judge

5